UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Georgetta Lynn Marzolf,

        Plaintiff,

v.

JPMorgan Chase Bank N.A.,

        Defendant.

Case No. 23-11086
Honorable Jonathan J.C. Grey

_____/

## ORDER OF REMAND

On May 8, 2023, defendant JPMorgan Chase Bank N.A. (Chase) filed a notice of removal of a claim by plaintiff Georgetta Lynn Marzolf filed in the Michigan 72nd District Court of Saint Clair County. (ECF No. 1.) The notice invoked this Court's jurisdiction to hear this case based on diversity of citizenship. (*Id.*) On May 29, 2023, Marzolf filed a motion to remand, claiming that the amount in controversy requirement for diversity jurisdiction had not been met. (ECF No. 6.)

The Court held a hearing on February 21, 2024. (ECF No. 11.) Both parties made appearances, presented brief oral arguments, and answered questions from the Court. The Court took the motion under

advisement and now issues this order based on the briefs and oral arguments.

I. **Background**

On October 27, 2022, Georgetta Lynn Marzolf filed an affidavit and claim for $6,500 against "JPMorgan Chase & Co." in the Michigan Small Claims Court. (ECF No. 5-1, PageID.148–49.) On December 8, 2022, defendant JPMorgan Chase Bank, N.A. ("Chase") filed a demand for removal to the general civil division of the Michigan 72nd District Court. (*Id.*, PageID.155.) The demand was granted on December 13, 2022. (*Id.*) After removal to the state district court, Marzolf filed an amended complaint seeking "damages in an amount not exceeding $25,000." (*Id.*, PageID.160–168.) On May 8, 2023, Chase filed a notice of removal in this Court. (ECF No. 1.) Marzolf then filed a motion to remand claiming that the amount in controversy is not met because damages are capped at $25,000 for her claim in the Michigan courts. (ECF No. 6.)

II. **Legal Standards**

A civil case filed in State Court may be removed by the defendants to a United States District Court if the District Court has original jurisdiction over the action. 28 U.S.C. 1441(a). Chase alleges that this

Court has jurisdiction over this case based on diversity of citizenship of the parties under 28 U.S.C. § 1332. (ECF No. 1.) Under that statute, the Court has jurisdiction of an action when the amount in controversy is greater than $75,000 (the jurisdictional limit) and it is between citizens of different states. 28 U.S.C. § 1332. Marzolf challenges Chase's removal on the basis that the jurisdictional limit has not been met. (ECF No. 6.)

Generally, the plaintiff's claim in the pleading, if made in good faith, is the amount in controversy. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)). However, if the plaintiff claims an amount below the jurisdictional limit, the defendant can still remove an action if the defendant can show that the amount in controversy more likely than not exceeds $75,000. *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015) (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The amount in controversy is determined at the time of removal. *Id.* (citations omitted).

The defendant seeking removal has the burden of proving diversity jurisdiction exists. *Rogers*, 230 F.3d at 871. Doubts should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th

Cir. 2006) (citations omitted). This comports with Congress' intent to "restrict federal jurisdiction" in diversity cases by imposing the jurisdictional amount, an intent which has always been "rigorously enforced by the courts." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

## III. Analysis

Diversity of citizenship is not challenged here, instead, Marzolf only claims that the amount in controversy is below the statutory limit. (ECF No. 6.) Marzolf's 72nd District Court complaint seeks "an amount not exceeding $25,000." (ECF No. 5-1, PageID.161.) But, Chase claims that the true amount in controversy is above the jurisdictional limit because Marzolf stated that she suffered damages between $250,000 and $750,000 in a discovery response. (ECF No. 1, PageID.2.) Defendants have provided evidence to show that Marzolf did state that she was seeking damages of $250,000 to $750,000 in an answer to interrogatories. (ECF No. 1-2, PageID.93.) However, since Michigan law caps damages in the state district courts at $25,000, that amount controls.

The sum demanded on the face of the complaint "shall be deemed the amount in controversy, except that . . . the notice of removal may

4

assert the amount in controversy if the initial pleading seeks . . . a money judgement, but the State practice either does not permit demands for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U. S. C. § 1446(c)(2)(A)(ii). As discussed below, all claims in Michigan District Courts are capped by the demand. Since the "State practice" does not "permit[] recovery of damages in excess of the amount demanded," the demand on the face of Marzolf's complaint controls. *See* 28 U.S.C. §1446(c)(2)(A)(ii). Therefore, Marzolf's claim for $25,000 is the amount in controversy as long as the case remains in the Michigan District Court.

The Michigan District Courts only have jurisdiction over cases with an amount in controversy *under* $25,000. *Hodge v. State Farm Mut. Auto. Ins. Co.*, 499 Mich. 211, 213 (2016). In *Hodge*, the Michigan Supreme Court held that under state constitutional and statutory law, the allegations in the complaint established the amount in controversy for Michigan District Court jurisdiction. *Id.* at 216–17. The Michigan Supreme Court further held that even if the plaintiff planned on presenting proofs of more than $25,000 in damages, the face of the pleading still controls the amount in controversy. *Id.* at 223–24. That

5

holding only applies to Michigan State Courts; this Court applies federal rules of procedure and jurisdictional statutes when determining amount in controversy for its own jurisdiction. *In re Cardizem CD Antitrust Litigation*, 90 F. Supp. 2d 819, 823 (E.D. Mich. 1999) (citations omitted) ("state law will dictate the nature of the claim asserted and what amounts are actually at state, federal law will determine whether the amounts exceed the statutory minimum necessary for diversity jurisdiction").

However, the Michigan Supreme Court also held that the jurisdictional limit of the Michigan District Courts, which is $25,000, also caps any recoverable damages in that court. *Hodge*, 499 Mich. at 224. So, in *Hodge*, although the jury returned a verdict of $85,957, that judgment had to be, and was, reduced by the district court to $25,000 in damages with $1,769 in interest. *Id.* at 215. The jurisdictional limit acted as a cap. The court went even further by holding that the prayer for relief determines not just the amount in controversy for the state courts' jurisdiction, but also the limit of awardable damages. *Id.*

If the amount in controversy did not meet the jurisdictional limit at the commencement of the action, this Court cannot exercise jurisdiction.

6

*Jones v. Knox Expl. Corp.*, 2 F.3d 181, 183 (6th Cir. 1993). Further, if it appears to the Court that the claim is less than the jurisdictional limit, "to a legal certainty," the court must remand. *Charvat v. GNV Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

The allowable damages for Marzolf's claim, if it is litigated in the 72nd District Court of Michigan, cannot exceed the jurisdictional limit of that court, which is $25,000. While her claim remains in that court, the amount in controversy cannot exceed $25,000, even if her proofs exceed that amount. *Hodge*, 499 Mich. at 224. Therefore, her claim is for less than the jurisdictional limit "to a legal certainty." *See Charvat*, 561 F.3d at 628. Also, state law does not "permit[] recovery of damages in excess of the amount demanded." *See Hodge*, 499 Mich. 211 at 224. Since the amount is capped below this Court's jurisdictional limit of $75,000, removal is inappropriate. *Sponholz v. Stanislaus*, 410 F. Supp. 286, 288 (S.D.N.Y. 1976) (citing *St. Paul Mercury*, 303 U.S. at 294) (holding that state law caps on recovery set the maximum limit to the amount in controversy); 28 U.S.C. § 1446(c)(2); *See also Rogers*, 230 F.3d at 873 (holding that because a state law *allowed* for recovery in excess of the

7

demand, removal was proper if it was more likely than not that damages would exceed $75,000); *In re Cardizem*, 90 F. Supp. 2d at 823 (citations omitted) ("state law will dictate the nature of the claim asserted and what amounts are actually at state").

In its brief and at oral argument, Chase argued that Marzolf had failed to comply with Local Rule 81.1(d), which requires a plaintiff to include in a motion to remand a signed statement of itemized damages or estimates thereof. However, this argument is unpersuasive as the issue involves subject matter jurisdiction, and the Court must refuse to hear any case on which it lacks authority. *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007). The Court is required to relinquish a case when it finds, through a motion or on its own, that is lacks authority during any stage of the proceeding. *Id.* Further, it is the removing party's burden to establish subject matter jurisdiction. *Rogers*, 230 F.3d at 871. Chase's understanding of Local Rule 81.1(d) would put the cart before the horse.

Local Rule 81.1(d) is a rule explicitly detailing the plaintiff's evidentiary burden to rebut a presumption of jurisdiction after the removing party has established the amount in controversy with sufficient

8

evidence. However, until a proper showing of jurisdiction is made, the presumption is against federal jurisdiction over state law claims and against the removing party. *See Eastman*, 438 F.3d at 550. Since the Court finds that the amount in controversy does not exceed $25,000 as a legal certainty, *see Charvat*, 561 F.3d at 628, Chase has not met the threshold for a presumption of jurisdiction. *See Hampton*, 614 F. App'x at 323. Thus, Marzolf is not required to rebut the presumption under Local Rule 81.1(d).

Further, by its terms, 28 U.S. C. § 1446(c)(2)(A)(ii) prohibits Chase from asserting the amount in controversy because the state law caps damages. Chase's reading would put the statute directly at odds with the Local Rules, making that reading incorrect.

## IV. Conclusion

Accordingly, Marzolf's motion to remand (ECF No. 6) is **GRANTED**; this case **SHALL BE REMANDED** to the 72nd District Court of Michigan.[1]

---

[1] If Marzolf's claim is transferred to another state court with a higher jurisdictional amount or a different damages cap, her claim could become removable. Marzolf indicated that she plans to move to transfer her case to the state's circuit courts after remand, which have a higher jurisdictional limit. (ECF No. 9, PageID.265.) Her motion may or may not be granted. *See* MCR 4.002(B). If her motion to transfer is denied, she will be stuck with the maximum allowable damages of $25,000. If her

9

**SO ORDERED.**

Dated:  March 28, 2024                s/**Jonathan J.C. Grey**
                                      Jonathan J.C. Grey
                                      United States District Judge

---

motion is granted and she still prefers to litigate in state court, she can stipulate to damages.

  Marzolf is the "master of the claim," and she can attempt to transfer her case to the circuit court or stipulate to damages if she so wishes. *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). So, for now, her case must remain in state court. *See Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 410 (6th Cir. 2008) (stating that if a plaintiff has moved to amend their state court complaint, without which amendment there is no federal jurisdiction, removal is not timely until the state court grants the motion to amend).

10

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2024.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager